UNITED STATES v. WANAMAKER.

(Circuit Court, E. D. Pennsylvania. May 28, 1903.)

Nos. 5, 6.

1. CUSTOMS DUTIES—DRESS PATTERNS.

Women's dress goods in single patterns, comprising the material for the body of a dress and for trimming the same, in separate lengths or pieces, wool being the foundation of both material and trimming, embroidered in silk, was taxable for duty as "women's and children's dress goods," under Tariff Act 1897, par. 369 (Act July 24, 1897, 30 Stat. 151, c. 11 [U. S. Comp. St. 1901, p. 1667]), and not as embroideries and articles embroidered by hand or machine, made of wool, or of which wool is a component material, under paragraph 371.

Appeals from Board of General Appraisers.

Wm. M. Stewart, Jr., and James B. Holland, for the United States. Thomas S. Gates and Frank P. Prichard, for defendant.

J. B. McPHERSON, District Judge. The articles in controversy are thus described by the board: "The merchandise in question consists of women's dress goods in single patterns, each pattern comprising the material for the body of the dress and the material for trimming the same, in separate lengths or pieces. All of said material, both for foundation and trimming, is embroidered in silk." The goods being a woolen fabric, the collector levied duty under paragraph 371 of the act of 1897 (Act July 24, 1897, 30 Stat. 151, c. 11 [U. S. Comp. St. 1901, p. 1667]), relating to "embroideries and articles embroidered by hand or machine,  *   *   *   made of wool or of which wool is a component material." The board sustained the importer's protest, and held that the merchandise should be classified under paragraph 369 as "women's and children's dress goods," because this paragraph is the more specific of the two. In this ruling I agree without hesitation. Even if these embroidered pieces of woolen cloth were known to the trade exclusively as "robes"—the evidence shows that, while they are generally called by that name, they are also properly and fre-

123 F.—13

quently described as "dress goods"—it is clear that they are nevertheless a well-known subclass of dress goods, and are therefore more definitely pointed out by paragraph 369 than by the much more general language of paragraph 371.

In each case the decision of the board of appraisers is affirmed.